## SIEGMUND GUTHMANN

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 16, 1903.*

1. CRIMINAL LAW—*word "commitment" defined.* The word "commitment," as used in the law, signifies the act of sending an accused or convicted person to prison.

2. SAME—*time of commitment is the time accused was incarcerated.* The time when accused was sent to jail under the *mittimus* of the police magistrate, and not the date of the indictment, is the time of commitment referred to in section 18 of division 13 of the Criminal Code, relating to the discharge of a prisoner for failure to prosecute within the time specified.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

This is a writ of error to the circuit court of Peoria county to review the judgment of that court in overruling the motion of the plaintiff in error that he be set at liberty under the provisions of paragraph 623 of the Criminal Code, (1 Starr & Cur. Stat.—2d ed.—p. 1406,) which in part reads as follows: "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried at some term of the court having jurisdiction of the offense commencing within four months of the date of commitment, or if there is no term commencing within that time, then at or before the first term commencing after said four months, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at the next term, in which case the court may continue the case to the next term."

It appears from the record that on the 28th day of October, 1902, the plaintiff in error was committed to the

county jail of Peoria county upon a *mittimus* issued by a police magistrate of the city of Peoria upon a charge of forgery. The commitment occurred during the September term of the circuit court of said county and after the grand jury for that term had been discharged. At the November term no grand jury was in attendance upon the court, an order of court having been entered dispensing with the grand jury for that term. On the 23d day of January, 1903, which was one of the days of the January term of said court, an indictment was returned against the plaintiff in error for the crime for which he had been committed by the police magistrate. The case was not tried at that term and was continued by operation of law. On March 20, 1903, which was one of the days of the March term of said court, the case was called for trial, whereupon the plaintiff in error entered a motion that he be set at liberty, supported by affidavit, which showed that defendant had been confined in the county jail of Peoria county continuously from the 28th day of October, 1902, to March 20, 1903, upon the said criminal charge; that he had not been tried for said offense although two full terms of said court had elapsed since his commitment; that the delay in bringing him to trial had not happened on his application nor for the purpose of procuring evidence on the part of the People. The court overruled the motion, whereupon the case was tried before a jury and the plaintiff in error was convicted and sentenced to the penitentiary.

APPELL & ROUSSEAU, for plaintiff in error.

WILLIAM TEFFT, and EDWIN HEDRICK, for the People.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The assignments of error in this case call for the construction of the provision of the statute set forth in the statement preceding this opinion. The plaintiff in error

had been confined in jail from the 28th day of October, 1902, to the 20th day of March, 1903, without having been given an opportunity for trial, and the only question in this case is whether the time of his commitment for the purposes of a discharge under said statute dates from the 28th day of October, 1902, the day of his incarceration under the *mittimus* issued by the police magistrate, or from the 23d day of January, 1903, the day of the return of the indictment against him. If the former, he is entitled to his discharge, and if the latter, he is not.

The word "commitment" has in law a well defined meaning, and signifies the act of sending an accused or convicted person to prison, (4 Ency. of Pl. & Pr. p. 567; Anderson's Law Dic. 210; 1 Bouvier's Law Dic. 296;) and if we give the word "committed," found in the statute, the meaning usually assigned by text writers and lexicographers thereto, the statute is too plain for construction, and it must be held that the period of four months for which the plaintiff in error might be held without trial commenced to run from the date of his commitment by the police magistrate, and not from the date of the return of the indictment. This construction would seem to be in harmony with the provision of our State constitution providing for a speedy trial, which is: "In all criminal prosecutions the accused shall have the right to * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." To hold that the date of commitment for the purposes of a discharge under said statute is the date upon which the indictment is returned, might result in great injustice to a prisoner and open up a way for the complete evasion of the statute. A grand jury might not be called, or if called and an indictment returned the prosecutor might enter a *nolle prosequi*, and the prisoner might be detained in prison from term to term on the ground that no indictment was pending against him, and by reason of the want of a pending in-

dictment, although, as a matter of fact, he was in jail, it could be said he was not committed and therefore not entitled to the benefit of the statute, the effect of which would be to nullify the statute. The fact that no grand jury was impaneled at the November term or the case was not placed upon the trial calendar at the January term was not the fault of the plaintiff in error, and did not deprive him of his right to a speedy trial under the constitution or to a discharge under the statute.

In *United States* v. *Fox*, 3 Mont. 512, Congress had failed to make an appropriation for paying for serving process and the court continued all pending cases. The defendant being refused a trial, sued out a writ of *habeas corpus* for his discharge. The court, in discharging him, said: "The prosecution was guilty of *laches* and a neglect of duty in so failing and refusing to prosecute, and such failure was a denial to the defendant of his constitutional right to a speedy trial. The government of the United States cannot cast a man into prison and then fold its arms and refuse to prosecute." In *Gillespie* v. *People*, 176 Ill. 238, in discussing the right of a defendant to a discharge under the statute, it was said: "The intent of the statute is that the right to a discharge shall result from a want of prosecution." In *Brooks* v. *People*, 88 Ill. 327, it was held that if a defendant is not given a trial at the term of court at which the statute provides he shall be tried, he is entitled to a discharge, and that it was reversible error to overrule a motion that he be set at liberty after the time provided by the statute within which he should be tried had elapsed.

We are of the opinion that the plaintiff in error was entitled to be discharged for the want of prosecution, and that the court erred in overruling his motion that he be set at liberty. The judgment of the circuit court will therefore be reversed and the cause remanded.

*Reversed and remanded.*