STATE EX REL. GEGENFURTNER, Petitioner, v. BURKE, Warden, Respondent.

*June 2—June 26, 1959.*

For the petitioner there was a brief and oral argument by *Judson J. Rikkers* of Waupun.

For the respondent there was a brief by the *Attorney General* and *John H. Bowers,* assistant attorney general, and oral argument by *Mr. Bowers.*

PER CURIAM. The issue before us concerns the diminution of sentence credit to which the petitioner may be entitled for good conduct. The issue is to be determined by a construction of portions of sec. 53.11, Stats., which read as follows:

"(1) The warden or superintendent shall keep a record of the conduct of each inmate, specifying each infraction of the rules. Each inmate who shall conduct himself in a proper manner and perform all the duties required of him shall be entitled to good time or diminution of sentence according to the following table, prorated for any part of a year: First year, one month; second year, two months; third year, three months; fourth year, four months; fifth year, five months; every year thereafter, six months.

"(3) Whenever any inmate is committed under several convictions with separate consecutive sentences they shall be construed as one continuous sentence for the purpose of computing good time earned or forfeited under this section. All other sentences, whenever imposed, shall be deemed first sentences for purpose of computing good time; but no more good time shall be granted for any one year than is specified in subsec. (1), as modified by sec. 53.12 (1).

"(7) (a) An inmate or parolee having served the term for which he has been sentenced for a crime committed after May 27, 1951, less good time earned under this chapter and not forfeited as herein provided, shall be released on parole or continued on parole, subject to all provisions of law and department regulations relating to paroled prisoners, until the expiration of the maximum term for which he was sentenced without deduction of such good time, or until discharged from parole by the department, whichever is sooner."

The state department of public welfare interpreted those statutory provisions relating to good time and conditional release to mean that petitioner's sentences are to be treated as separate sentences in computing good time in order to determine his conditional-release date. The department further interprets the statutes as requiring the petitioner to serve both consecutive sentences, less good time earned, before he becomes eligible for conditional release. If the petitioner had received the same sentences from the same court in Kenosha county or from the same court in Milwaukee county, the department would treat the sentences as a com-

bined seven-year sentence for the purpose of computing the diminution of the sentence for good conduct, thereby giving the petitioner twenty-seven months good time in all, assuming that he earned the diminution by his good conduct. When treated as separate sentences, assuming his conduct is good, petitioner would receive a total of sixteen months' good-time allowance on the two sentences. In the first instance the date for his conditional release would be July 11, 1961, while as computed by the department his conditional-release date would be June 11, 1962.

Petitioner contends that the construction by the department of public welfare makes the statute unconstitutional and void because it requires an arbitrary, unreasonable, discriminatory, and invalid classification for the same crime and provides for different punishment for the same crime, in violation of both the state and federal constitutions.

Prior to 1947, sec. 53.11 (3), Stats., read as follows:

"Whenever any convict is committed under several convictions with separate sentences they shall be construed as one continuous sentence for the purpose of computing the good time made or forfeited under this section."

Sec. 53.11, Stats., was amended by ch. 519 of the 1947 Session Laws. The following comment by the interim committee appears both in Wisconsin Anno. (1950), p. 264, and in 7 W. S. A., p. 319, as follows:

"New 53.11 is from old 53.11 and 54.05 and is intended to cover inmates in all three prisons. The second sentence of (2) is new, but merely expresses by statute the attorney general's opinion in 20 Op. Atty. Gen. 1137. (4) is to express in the statute the right of a prisoner to refuse credit for good conduct. The attorney general has ruled that he has that right; 24 Op. Atty. Gen. 450. Old 54.05 (3) is omitted and the last sentence of (3) is new. This changes the rule for reckoning good time where a person is convicted while he is serving his sentence. (Bill 35, A.)"

By the amendment the first sentence of sec. 53.11 (3), Stats., reads substantially as it did prior thereto. The second sentence thereof was added. Since the date of the amendment in 1947, the department of public welfare has held that consecutive sentences imposed prior to a commitment to prison are aggregated but all other sentences are treated as first sentences for the purpose of computing the good-time allowance. The report of the interim committee stated that the addition of the second sentence to sec. 53.11 (3) changed the rule for reckoning good time where a person is convicted while he is serving his sentence. That statement shows the legislative intent in enacting the amendment.

Petitioner's contention that the statute as construed by the department of public welfare is unconstitutional is without merit. All persons are treated alike and criminal court judges who impose sentences upon a person already an inmate of the state prison are familiar with the statute and presumably take it into consideration in pronouncing sentence. It is a fair inference that the sentence by the municipal court of Milwaukee was limited to three years rather than the four-year sentences imposed in Kenosha county because of the provisions of the statute.

The contention that the classification under the statute is also a violation of the state and federal constitutions is without merit. All persons are treated alike under the statute and thus no constitutional right of the petitioner has been violated. Diminution of a sentence because of good conduct is a matter of grace when applied prospectively and could be repealed by the legislature. The petitioner is anxious to accept the benefits of the statute without the burdens thereof.

The petitioner further contends that under the statute, if the wording thereof is followed literally, it will require that petitioner be released conditionally at the end of the first sentence, less his good time, and then brought back at the

end of the term to start serving his additional and other sentence. He argues that this is a ridiculous and absurd result, while if his construction is adopted there would be no such result. Again we agree with the interpretation of the department of public welfare that the petitioner must serve both consecutive sentences less diminution thereof because of good conduct before he becomes eligible for conditional release. Therefore the petition for a writ of *habeas corpus* is denied.

MARTIN, C. J., took no part.