STATE EX REL. HAKE, Petitioner, v. BURKE, Warden, Respondent.

*June 28—November 21, 1963.*

For the petitioner there was a brief and oral argument by *Alfred Rozran* of Milwaukee.

For the respondent the cause was argued by *William A. Platz*, assistant attorney general, with whom on the brief was *George Thompson*, attorney general.

Per Curiam. The petitioner argues his two sentences for the purpose of determining good time or the amount of the diminution of sentence under sec. 53.11 (3), Stats., should be regarded as one continuous sentence and if so treated as a single fifteen-year maximum sentence with the loss of one month and one day good time, his conditional release date would have been March 9, 1963. The respondent contends the seven-year and eight-year terms are to be treated as separate terms and the petitioner's tentative conditional release date is June 9, 1964, and if the seven-year and eight-year terms are treated as a single fifteen-year sentence with a loss of all good time for the violation of parole, his tentative conditional-release date would be January 1, 1965.

Two questions are posed: (1) Whether the two sentences are to be considered for the purpose of computing good time as one continuous fifteen-year sentence, and (2) if so treated, should the department of public welfare be given an opportunity to re-examine its determination of the forfeiture of one month and one day which was based on an interpretation the sentences were separate and the good time earned on the

first sentence could not be forfeited. At the time the department of public welfare acted it had the power, if the two sentences were treated as one continuous sentence, to cancel good time earned of one year, ten months, and twenty-three days.

The first issue is to be determined by a construction of the phrase "committed under several convictions with separate consecutive sentences" in sec. 53.11 (3), Stats.[1] Prior to 1947 the department of public welfare followed the interpretation of the attorney general that several consecutive sentences were to be construed as one continuous sentence although the sentences were imposed at different times and by different courts. In *State ex rel. Gegenfurtner v. Burke* (1959), 7 Wis. (2d) 668, 97 N. W. (2d) 517, we held that as the statute existed after 1947 an inmate was not committed under several convictions for the purpose of this statute when he was sentenced by the municipal court of Kenosha county and while serving that sentence was brought before the municipal court of Milwaukee county and sentenced to a term to run consecutively to the term he was then serving. It does not necessarily follow, however, that an inmate must be committed under several convictions with separate consecutive sentences by the same court in order to come within the meaning of the statute. The instant facts are similar to *State ex rel. Gegenfurtner v. Burke, supra,*

---

[1] "53.11 CREDIT FOR GOOD CONDUCT; FORFEITURE FOR BAD; PAROLE. . . .

"(3) Whenever any inmate is committed under several convictions with separate consecutive sentences they shall be construed as one continuous sentence for the purpose of computing good time earned or forfeited under this section. All other sentences, whenever imposed, shall be deemed first sentences for purpose of computing good time; but no more good time shall be granted for any one year than is specified in subsection (1), as modified by section 53.12 (1)."

The second sentence was added in 1947. Ch. 519, Laws of 1947.

only in that two courts imposed sentences but differ in that here the same judge acting in two different capacities imposed sentences virtually at the same time and before the petitioner commenced serving any sentence.

Courts have differed in the meaning of "commitment," some [2] holding a commitment to be the delivery to the prison or place of confinement or the act of carrying a person to prison after his arrest; others,[3] the court process of directing a ministerial officer to take a person to prison and detain him or the act of imposing sentence and designating the place where the term is to be served. A third meaning is the imprisonment is by reason of a conviction or convictions regardless of what particular sentence the inmate is serving. This latter meaning is perhaps too broad in view of *Gegenfurtner v. Burke, supra.* We are inclined to hold the language in sec. 53.11 (3), Stats., "Whenever any inmate is committed" refers to the delivery of the custody of the defendant at the place of confinement pursuant to a sentence or sentences and to the time when one who is sentenced becomes an inmate at the prison. We see no difference in being brought to a prison burdened with or because of four convictions by one court or because of three convictions by one court and one by another. Here, four separate sentences to be served in the same prison were imposed upon the petitioner. When the prison door clanged shut behind him he was committed, not four times but once under the four sentences, each based upon a separate conviction to serve the four terms in a prescribed manner. The statute speaks from the viewpoint of the inmate and the prison administration. Conse-

[2] *Darst v. Forney* (1928), 199 Ind. 625, 159 N. E. 689; *French v. Bancroft* (1840), 42 Mass. 502; *Guthmann v. People* (1903), 203 Ill. 260, 67 N. E. 821.

[3] *State v. Harrison* (Mo. 1955), 276 S. W. (2d) 222; *Schildhaus v. City of New York* (1957), 7 Misc. (2d) 859, 163 N. Y. Supp. (2d) 201.

quently, if consecutive sentences are imposed prior to the commencement of serving time at the prison on any one of them, they should be aggregated for the purposes of this statute. A consecutive sentence imposed after a commitment while the person is serving his prior sentence either as an inmate or parolee is to be treated as a first sentence under the holding of *State ex rel. Gegenfurtner v. Burke, supra.*

The second issue is whether the department of public welfare should be given an opportunity to re-examine the cancellation of good time because if the sentences had been considered as one sentence the department might have canceled more good time than in fact it did. In *Tyler v. State Department of Public Welfare* (1963), 19 Wis. (2d) 166, 119 N. W. (2d) 460, we held a prisoner had no right of review from the administrative determination denying a parole. We agree with the attorney general this case is not in point. However, the amount of forfeiture of good time earned like the granting or the denial of parole prior to a conditional-release date is within the administrative discretion. Although the department exercised its discretion on an erroneous view of the law, we are inclined at this late date to let that determination stand.

We are of the opinion based upon the computations of the attorney general the conditional-release date of the petitioner was March 9, 1963. The petitioner is, therefore, entitled to be released on parole from the state prison under sec. 53.11 (7), Stats. Since the petitioner has had such a hearing on his petition and order to show cause as he would have had if the writ of *habeas corpus* had been issued, the issuance of the writ may be omitted.

It is ordered and adjudged that the petitioner be and he hereby is released from the state prison at Waupun on parole pursuant to sec. 53.11 (7) (a), Stats., and his $1,000 bond filed in this court canceled.