STATE EX REL. STENSON, Petitioner, v. SCHMIDT and others, Respondents.

*December 4, 1963—January 23, 1964.*

PER CURIAM. On April 22, 1958, petitioner was convicted in circuit court for Milwaukee county, MICHAEL T. SULLIVAN, Circuit Judge, presiding, of a violation of sec. 943.30, Stats., and was placed on probation. He violated probation and was sentenced to an indeterminate term of three years commencing March 7, 1960. He began serving his sentence on March 8, 1960.

On November 2, 1960, petitioner was taken from prison to the municipal court of Kenosha county, URBAN J. ZIEVERS, Municipal Judge, presiding. There he was convicted of a violation of sec. 943.24, Stats., on two counts. He was sentenced to the Wisconsin state prison for one year on each

count. The sentences were to run concurrently with each other but consecutively with the sentence he was then serving. He re-entered prison the same day.

On September 8, 1961, petitioner was released on parole. On May 23, 1963, he was placed on conditional-release status on the sentence of March 7, 1960, and his parole was continued. He violated parole on July 4, 1963. He was returned to prison on July 16, 1963.

On October 28, 1963, petitioner wrote a letter to Sanger Powers, director of division of corrections, state department of public welfare, apparently protesting the computation of the additional time he would be required to serve because of his parole violation. The letter is not part of the record. The letter was answered by Mr. Joseph S. Coughlin, vice-chairman, parole board. Mr. Coughlin replied in part:

"As I understand your letter you are questioning whether or not you can be required to serve your original sentence less good time followed by your consecutive sentence less good time followed by your C. R. period on your first sentence and thereafter your C. R. period on your consecutive sentence. The Department long ago concluded that this is the only logical way to interpret consecutive sentences and such has been confirmed in a ruling by the Attorney General's office."

Under sec. 53.11 (1), Stats., an inmate of a state prison has a right to earn "good time," which is then used to reduce the length of time he must serve in prison. Conditional release is a parole of right under sec. 53.11 (7) (a); when an inmate has served the term for which he was sentenced less the amount of good time earned he must be placed on parole, *i.e.*, conditional release, notwithstanding the fact that he was eligible for parole under secs. 57.06 or 57.07, but parole was not granted.

In the discretion of the state department of public welfare an inmate may be discharged rather than given a conditional

release. If he is not discharged, the inmate is paroled or continued on parole to the end of the maximum term of his sentence. Sec. 53.11 (7) (a), Stats. If he violates such parole he may be returned to prison to serve out the remainder of his sentence. The remainder of his sentence is deemed to be the amount of good time previously earned. Sec. 53.11 (7) (b).

Because the petitioner violated his parole while on conditional-release status on his first sentence he was returned to prison to serve the remainder of his sentence. This sentence was reduced a total of eight months and fifteen days for statutory and extra good time. The expiration of the balance of his first sentence was correctly determined by the department to be April 1, 1964, he having been returned to the prison on July 16, 1963. The department has further ruled the petitioner should not be granted any good time while serving the remainder of his sentence and should be given a complete discharge on April 1, 1964.

The first question raised by petitioner is whether a person convicted of separate crimes at different times when the sentences are imposed consecutively can be required to serve his consecutive sentences in tandem less good time earned so that his conditional-release date on the first sentence is deferred until he has served his second sentence less good time earned. We have upheld the department's interpretation of the statute in this respect before. *State ex rel. Gegenfurtner v. Burke* (1959), 7 Wis. (2d) 668, 97 N. W. (2d) 517.

The second question raised by petitioner is whether the department is required under the statute to place him on conditional release again when he has accumulated enough new good time. If so the petitioner is now entitled to be conditionally released. We noted earlier, conditional release the first time is a parole of right. However, after parole on conditional-release status has once been violated, conditional

release is discretionary with the department. Sec. 53.11 (7) (b), Stats., provides in part:

"He may earn good time on the balance of such sentence while so in prison, subject to forfeiture thereof for misconduct as herein provided. Subject to the approval of the department, he may again be released on parole thereafter under either this section or s. 57.06 or s. 57.07, whichever is applicable."

The tenor of the language of this section as distinguished from sec. 53.11 (1), Stats., is entirely permissive; nothing is phrased as a requirement. Therefore, the termination date of the petitioner's confinement is in conformity with the statutory direction and the petition for writ of *habeas corpus* must be denied.

Petition denied.