Raymond RICE, Plaintiff, Petitioner,

v.

Wilbur J. SCHMIDT, Secretary of the Wisconsin Department of Health and Social Services, and John C. Burke, Warden, Wisconsin State Prison, Defendants-Respondents.

No. 67-C-309.

United States District Court
E. D. Wisconsin.

Dec. 29, 1967.

Raymond Rice, pro se.

Bronson C. La Follette, Atty. Gen., William A. Platz, Asst. Atty. Gen., Madison, Wis., for defendants-respondents.

## DECISION

MYRON L. GORDON, District Judge.

Petitioner brings this action *pro se* under 42 U.S.C. § 1983 and 28 U.S.C. § 2281 and seeks to have a three judge panel consider various issues raised with reference to sections 53.11(7(a) & 7(b)), Wis.Stats., which relate to "good time" and to the mandatory release of persons serving prison sentences.

Generally, petitioner attacks the constitutionality of sections 53.11(7(a) & 7(b)), Wis.Stats. Specifically, petitioner challenges the method used to compute his release date under his separate consecutive sentences, in light of the loss of good time.

Since the petitioner seeks release from incarceration in addition to a declaration of the statute's unconstitutionality, the

court will construe his petition, alternatively, as one for habeas corpus.

■ Considering first the civil rights suit under 42 U.S.C. § 1983, it is noted that although petitioner has not exhausted his state remedies, he is not deprived of a federal forum. The exhaustion requirement is not a prerequisite to suit under section 1983. York v. Story, 324 F.2d 450 (9th Cir. 1963), cert. den. 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659.

■ Petitioner challenges the manner of computation of his consecutive sentences by the state department of health and social services. The computation of the term of petitioner's sentence, if incorrect, woud be a misapplication of state law and not a denial of petitioner's constitutional rights. As stated by Mr. Justice Douglas in Screws v. United States, 325 U.S. 91, 108, 65 S.Ct. 1031, 1038, 89 L.Ed. 1495 (1945): "The problem is not whether state law has been violated but whether an inhabitant of a State has been deprived of a federal right * * *." An inaccurate computation of petitioner's conditional or mandatory release date would amount to a violation of a statutory right; not a right "secured by the Constitution." Therefore, petitioner's objection to the computation is not cognizable under section 1983. See United States ex rel. Atterbury v. Ragen, 237 F.2d 953 (7th Cir. 1956).

■ Petitioner levels several conclusory charges of unconstitutionality against sections 53.11(7(a) & 7(b)), Wis. Stats. These sections provide:

"(7) (a) An inmate or parolee having served the term for which he has been sentenced for a crime committed after May 27, 1951, less good time earned under this chapter and not forfeited as herein provided, shall be released on parole or continued on parole, subject to all provisions of law and department regulations relating to paroled prisoners, until the expiration of the maximum term for which he was sentenced without deduction of such good time, or until discharged from parole by the department, whichever is sooner.

"(7) (b) Any person on parole under this subsection may be returned to prison as provided in s. 57.06(3) or s. 57.07(2) to serve the remainder of his sentence. He may earn good time on the balance of such sentence while so in prison, subject to forfeiture thereof for misconduct as herein provided. Subject to the approval of the department, he may again be released on parole thereafter under either this section or s. 57.06 or s. 57.07, whichever is applicable. The remainder of his sentence shall be deemed to be the amount by which his original sentence was reduced by good time."

The petitioner complains that unlike the mandatory provisions in the federal code, section 53.11, Wis.Stats., is discretionary; the decision to enforce its provisions lies in the discretion of the department of health and social services. However, conditional release under the provisions of section 53.11 is not initially discretionary. As stated in State ex rel. Stenson v. Schmidt, 22 Wis.2d 314, 316–317, 125 N.W.2d 634, 635 (1964):

"Under sec. 53.11(1), Stats., an inmate of a state prison has a right to earn 'good time', which is then used to reduce the length of time he must serve in prison. Conditional release is a parole of right under sec. 53.11(7) (a); when an inmate has served the term for which he was sentenced less the amount of good time earned he must be placed on parole, i. e., conditional release, notwithstanding the fact that he was eligible for parole under secs. 57.06 or 57.07 [Stats.], but parole was not granted."

The court went on to say at pp. 317–318, 125 N.W.2d at p. 635:

"We noted earlier, conditional release the first time is a parole of right. However, after parole on conditional-release status has once been violated, conditional release is discretionary with the department. Sec. 53.11(7) (b), Stats. * * *."

Petitioner does not explain why this limited amount of discretion renders the Wisconsin statute unconstitutional.

■ Mr. Rice also argues that it is impossible to understand the application and administration of sections 53.11(7(a) & 7(b)). The computations may be complex, but this does not affect the constitutionality of the statutes. The computation of mandatory release and good time have been discussed in State ex rel. Stenson v. Schmidt, supra, in State ex rel. Gegenfurtner v. Burke, 7 Wis.2d 668, 97 N.W. 2d 517 (1959), and in Hughes v. Burke, 334 F.2d 795 (7th Cir. 1964).

■ Petitioner also contends that good time is a vested right and cannot be revoked by an administrative agency. Sec. 53.11 specifically provides that a parolee can forfeit good time for violations of the conditions of parole. See State ex rel. Stenson v. Schmidt, supra, 22 Wis.2d at pp. 316–317, 125 N.W.2d 634; Miller v. Taylor, 313 F.2d 21, 22 (10th Cir. 1962). Under 18 U.S.C. § 4165, good time may be forfeited by a federal prisoner.

■ Finally, petitioner argues that sections 53.11(7(a) & 7(b)) permit an administrative agency to impose a longer sentence than that originally imposed by a court. This argument is apparently based on petitioner's contention that the department has miscalculated his release date. However, the state supreme court has upheld the department's interpretation of sec. 53.11; that court held that where the terms of the conditional release are violated, the remainder of the sentence to be served runs from the date the prisoner is returned to jail. See State ex rel. Stenson v. Schmidt, supra. Likewise, in Hughes v. Burke, supra, the court stated:

> "Comparison of the Wisconsin Statutes with the federal law discloses no substantial difference with respect to conditional release from prison. This Circuit, among others, has sustained the federal law against constitutional attack. Dolan v. Swope, 7 Cir., 1943, 138 F.2d 301."

Dolan v. Swope held that 18 U.S.C. § 723c, which provides that the unexpired term for violation of parole shall begin to run from the date of a prisoner's return to custody, is not unconstitutional as increasing the sentence.

■■ In my opinion, petitioner's attacks on the constitutionality of sections 53.11(7(a) & 7(b)) are wholly devoid of merit. It is the duty of a federal district court judge to determine whether to initiate the procedure of convening a three judge district court, Patterson v. Hardin, 145 F.Supp. 299 (D.C.Ind.1956), but where the claimed constitutional infirmity is wholly insubstantial, a three judge court is not required. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

Therefore, for the foregoing reasons, it is ordered that the petitioner's request for a three judge court be denied.

■ Because the petitioner seeks release from custody it is possible to view the petition, alternatively, as a request for habeas corpus. However, the record does not show that Mr. Rice has exhausted his state remedies. Accordingly, the petition, construed as one for habeas corpus, is denied without prejudice.