**Larry Lee RADANT, Petitioner-Appellant,**

v.

**John C. BURKE, Respondent-Appellee.**

**No. 16774.**

United States Court of Appeals
Seventh Circuit.

April 9, 1969.

Curtis Kirkhuff, Madison, Wis., for appellant.

Bronson C. LaFollette, William A. Platz, Sverre O. Tinglum, Madison, Wis., for appellee.

Before SWYGERT and FAIRCHILD, Circuit Judges, and HOFFMAN, District Judge.[1]

SWYGERT, Circuit Judge.

This is an appeal from the district court's denial of the petition for a writ of habeas corpus filed by the petitioner, Larry Lee Radant. The facts which give rise to this appeal are that on February 9, 1959, Radant was convicted in the Circuit Court of Marathon County, Wisconsin, of the crimes of operating an automobile without the owner's consent and burglary. He was thereupon sentenced to not more than two years on each count; the sentences were to run concurrently. On August 21, 1959, after serving about six months of his sentence, the petitioner escaped from the Wisconsin State Reformatory and fled to Texas via Colorado. In Texas he was convicted of assault and robbery and served four years and four months before being returned on February 6, 1964 to Wisconsin to complete his earlier sentence. On May 27, 1964, Radant was convicted of escape from the Wisconsin State Reformatory and an additional burglary charge in the Brown County, Wisconsin Court. This second series of Wisconsin convictions resulted in a five year sentence on the escape charge and a seven year term for the burglary charge.

Shortly thereafter, authorities of the State of Colorado filed with the Wisconsin authorities a detainer on the charge of kidnapping alleged to have been committed by the petitioner in Colorado during the course of his earlier escape from

1. Judge Hoffman is sitting by designation from the United States District Court for the Northern District of Illinois.

the Wisconsin State Reformatory in August 1959. The Wisconsin Department of Public Welfare granted Radant parole for the sole purpose of meeting this detainer upon the condition that he be returned to Wisconsin if no confinement was ordered in Colorado. This grant of parole by the Wisconsin authorities was made pursuant to their authority under the Uniform Act for Out-of-State Parolee Supervision, Wis.Stat. § 57.13 (1957). This Uniform Act has likewise been adopted by the Colorado legislature, Colo.Rev.Stat. ch. 74, § 5–2 (1963). In relevant part the Act provides: "It shall be competent for the duly constituted judicial and administrative authorities of a state party to this contract * * * to permit any person convicted of an offense within such state and placed on probation or released on parole to reside in any other state party to this compact * * * while on probation or parole."

On March 1, 1965, the petitioner was convicted in a Colorado state court on the kidnapping charge and placed on five years' probation with the condition that he be returned to Wisconsin. On March 8, 1965, the petitioner's Wisconsin parole was rescinded and he was reincarcerated. On January 6, 1966, Radant was released on parole for supervision in the State of Minnesota pursuant to the Uniform Act for Out-of-State Parolee Supervision, Wis.Stat. § 57.13 (1957), and on November 4, 1966 he departed from this supervision by fleeing to Texas. Not surprisingly, his Wisconsin parole was revoked and he was subsequently returned to the Wisconsin State Reformatory on January 5, 1967. After his transfer from the Wisconsin State Reformatory to the State Prison at Waupun, the petitioner filed with the Wisconsin Supreme Court a habeas corpus petition setting forth the same grounds as are here asserted. By an unreported order, the Wisconsin Supreme Court denied the first petition. A second petition, which was filed shortly thereafter, is apparently still pending.

The gravamen of the petitioner's present claim is that his transfer to Colorado to answer its detainer was without proper statutory authority and that as a result Wisconsin lost jurisdiction to reincarcerate him upon his return to Wisconsin. We agree with the district court that there is no basis for the issuance of a writ of habeas corpus in this case. Our reading of Wisconsin's statutory scheme for the administration of parole matters indicates that the action of the Wisconsin State Department of Public Welfare in granting the appellant parole to meet the Colorado detainer was authorized and that it did not result in loss of jurisdiction over the appellant. Cf. State ex rel. Fredenberg v. Byrne, 20 Wis.2d 504, 123 N.W.2d 305 (1963); United States ex rel. Simmons on Behalf of Gray v. Lohman, 228 F.2d 824 (7th Cir. 1955). Under section 57.06(3) of the Wisconsin Statutes the Wisconsin State Department of Public Welfare is given legal custody of all paroled prisoners and such custody remains with the Department "unless otherwise provided by the department." We construe the plenary power over prisoners granted to the Department by section 57.06(3) in conjunction with its power over out of state parolees as defined in section 57.13 to mean that the Colorado detainer arrangement here employed by the Wisconsin State officials was undertaken with proper statutory authority. Additionally, the action was accepted by the petitioner on the condition that he be returned to Wisconsin if no confinement was ordered in Colorado.

The order of the district court denying the petition for a writ of habeas corpus is affirmed.