**Henry E. HANSEN, Petitioner,**

v.

**Wilbur J. SCHMIDT, Respondent.**

**No. 71-C-165.**

United States District Court,
E. D. Wisconsin.

June 24, 1971.

---

Henry E. Hansen, pro se.

Robert W. Warren, Atty. Gen. of Wis., by William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The petitioner has submitted an application for a writ of habeas corpus in which he alleges that the supervision to which he presently is subject under Wisconsin's mandatory release statute is an abridgement of certain of his constitutional rights. Leave has been granted to proceed in forma pauperis, and the respondent has submitted a response to the petition. On March 24, 1971, in an unpublished opinion, the Wisconsin supreme court denied a similar petition that had been filed by Mr. Hansen.

The petitioner's present parole status stems from three separate convictions in state courts in 1961. On July 12, 1961, after a jury trial, he was convicted by a state court of burglary and was sentenced to an indeterminate term of not more than nine years in the state prison. Two days later, on July 14, 1961, following a plea of guilty, Mr. Hansen was convicted of soliciting another to commit a felony, in violation of § 939.30, Wis. Stats., and was sentenced to an indeterminate term of not more than two and one-half years, such sentence to be served consecutively to the sentence imposed for the conviction for burglary. Finally, on October 23, 1961, the petitioner received a sentence for an indeterminate term of not more than five years, to run consecutively to the sentences imposed for the previous two offenses, upon his conviction for endangering safety by conduct regardless of life. At the same time, Mr. Hansen was given an additional five-year consecutive sentence as a repeat offender.

On December 15, 1970, the petitioner was released from prison pursuant to

the provisions of Wisconsin's mandatory release statute, § 53.11(7) (a), Wis. Stats., which states:

"An inmate or parolee having served the term for which he has been sentenced for a crime committed after May 27, 1951, less good time earned under this chapter and not forfeited as herein provided, shall be released on parole or continued on parole, subject to all provisions of law and department regulations relating to paroled prisoners, *until the expiration of the maximum term for which he was sentenced without deduction of such good time, or until discharged from parole by the department, whichever is sooner.*" (Emphasis added)

The petitioner asserts that he is entitled to an absolute discharge from supervision. He alleges that the respondent has granted others an absolute discharge after they had been confined for the period for which they were sentenced, less accumulated "good time," and that the refusal to grant him a similar discharge is discriminatory and violates his constitutional rights. Mr. Hansen also contends that the mandatory release in his case was not voluntarily accepted and that, in addition, his convictions antedated the passage of the mandatory release law. Thus, he argues, "there is no basis [for] such supervision" once he has been released from confinement, and he seeks to remove the "stigma" of such supervision.

 Parole under Wisconsin's mandatory release statute initially is a parole of right. Rice v. Schmidt, 277 F. Supp. 811, 813 (E.D.Wis.1967). However, § 53.11(7), Wis. Stats., makes it clear that the department of health and social services, of which the respondent is director, can discharge an inmate upon mandatory release or can continue to supervise him until the expiration of the maximum term for which he was sentenced. In State ex rel. Stenson v. Schmidt, 22 Wis.2d 314, 316, 125 N.W.2d 634, 635 (1964), the court stated:

"In the discretion of the State Department of Public Welfare an inmate may be discharged rather than given a conditional release. If he is not discharged, the inmate is paroled or continued on parole to the end of the maximum term of his sentence. Sec. 53.11(7) (a), Stats. If he violates such parole he may be returned to prison to serve out the remainder of his sentence. The remainder of his sentence is deemed to be the amount of good time previously earned. Sec. 53.11(7) (b)."

Thus, in effect, the period for which the department can supervise the conduct of a mandatory releasee is equivalent to the amount of good time previously accumulated by the releasee while in confinement.

 The principal thrust of Mr. Hansen's petition appears to be that the respondent has abused his discretion in refusing to grant the petitioner an absolute discharge. However, as a mandatory releasee under supervision, the petitioner is on parole and "parole, like probation, is solely a matter of legislative grace and not a constitutional right." Woods v. Steiner, 207 F.Supp. 945, 951 (Md.1962). See also Tyler v. State Dep't of Public Welfare, 19 Wis.2d 166, 173, 119 N.W.2d 460 (1963). The power of the department to supervise the conduct of parolees is described as "plenary" in Radant v. Burke, 409 F.2d 482, 483 (7th Cir. 1969), where the court also said:

"Under section 57.06(3) of the Wisconsin Statutes the Wisconsin State Department of Public Welfare is given legal custody of all paroled prisoners and such custody remains with the Department 'unless otherwise provided by the department.' "

 In my opinion, even if Mr. Hansen's allegation that others have been absolutely discharged is taken as true, there is nothing in the petition to indicate that the respondent has abused his discretion by continuing to supervise the conduct of the petitioner. In the absence of a showing that the respondent has exceeded the powers granted to him by law, or that he has in some other way

effected an abridgement of the petitioner's federally-protected rights, the arguments in this regard cannot be sustained.

■ Mr. Hansen's other contentions likewise must be rejected. The petition states that Wisconsin's mandatory release law became effective only after 1961 and that the petitioner thus is not subject to its provisions. However, § 53.11(7) originally was promulgated in 1947 and expressly applies to persons convicted of "a crime committed after May 27, 1951." See State ex rel. Eastman v. Burke, 28 Wis.2d 170, 178 (1965).

■ Finally, the petitioner's claim that the terms of his mandatory release were not voluntarily accepted is without merit. "The conditional nature of the release is not impaired by the petitioner's consent, or lack thereof, to the terms governing the release." United States ex rel. Ostin v. Warden, Federal Detention Headquarters, New York, 296 F.Supp. 1135, 1136 (S.D.N.Y.1969).

Therefore, it is ordered that Mr. Hansen's petition for a writ of habeas corpus be and hereby is denied.