STATE EX REL. Alfred Clark O'CONNOR, Petitioner-
Appellant,

v.

Edwin WILLIAMS, Sheriff of Adams County, Respondent.

Court of Appeals

*Nos. 79–1251, 79–1318. Submitted on briefs January 17, 1980.
—Decided January 28, 1980.*
(Also reported in 290 N.W.2d 533.)

For the petitioner-appellant the cause was submitted on the brief of *Hollman & Pollex Law Office* of Friendship, WI.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

BABLITCH, J.   This is an appeal from an order of the circuit court for Adams County dated October 29, 1979 denying the defendant's petition for a writ of habeas corpus[1] and ordering his extradition to Pennsylvania under the Uniform Criminal Extradition Act, sec. 976.03, Stats. The extradition was stayed by order of this court pending disposition of the appeal.

The defendant was convicted in Pennsylvania of forgery and theft by deception. He was sentenced to imprisonment on those charges for a term of between three and a half to seven years. The Pennsylvania court specified that his sentence was to commence "at the expira-

---

[1] Two appeals were initially filed in this case from denials of petitions for habeas corpus brought separately by defendant's counsel and by defendant *pro se.* The appeals were consolidated for purposes of review by order of this court. Subsequently, this court was informed at the time defense counsel and the defendant *pro se* filed their notices of appeal, that no written order had been entered denying either petition. Consequently, this court had no jurisdiction over either appeal. Sec. 808.03(1), Stats.; *Ramsthal Adv. Agency v. Energy Miser, Inc.,* 90 Wis.2d 74, 279 N.W.2d 491 (Ct. App. 1979). The jurisdictional defect was remedied as to the appeal filed by defense counsel when the trial court entered a written order on October 29, 1979 expressly denying the petition filed by defense counsel, and a new notice of appeal from that order was filed. Both parties have briefed the issues presented by both original appeals. However, this court may not address the issues raised by the defendant's *pro se* appeal since no order has ever been entered from which an appeal could have been taken. Sec. 808.03(1). The order consolidating the two appeals was improvidently issued.

tion of" a sentence previously imposed by a federal court. The federal sentence, which defendant was serving at the federal correctional institution at Oxford, Adams County, Wisconsin, is due to expire on February 21, 1980.

On April 16, 1979 the circuit court for Adams County issued a fugitive criminal complaint and warrant for the defendant's arrest pursuant to sec. 976.03(13), Stats.[2] The warrant was based upon information that the defendant was scheduled to be released on parole from the federal institution on his mandatory release date of July 6, 1979, and that the state of Pennsylvania was seeking his extradition as of that date.[3] The defendant was taken into custody by the Adams County Sheriff on his release from the federal prison on July 6, 1979.

The defendant applied for a writ of habeas corpus pursuant to sec. 976.03(10), Stats., alleging that the state of Pennsylvania has no right to demand his return until the expiration of the full term of his federal sen-

---

[2] Section 976.03(13), Stats., provides that a court may issue a warrant for the arrest of a person in Wisconsin who has committed a crime in another state when charged under oath "with having fled from justice, or with having been convicted of a crime in that state and having escaped from confinement, or having broken the terms of his bail, probation or parole." Section 976.03(3), authorizes the governor of Wisconsin to issue arrest warrants under similar circumstances on the requisition of the governor or the demanding state. It has been held that the circumstances enumerated in this statute are only "illustrative, but not exhaustive, of the occasions when a convicted person can be considered to have fled from the justice of another state," and that arrest is authorized under the Act whenever a judgment of conviction in another jurisdiction remains unsatisfied. *Gottfried v. Cronin*, 192 Colo. 25, 555 P.2d 969, 972 (1976).

[3] The governor of Wisconsin also issued warrants for the defendant's arrest after receiving a demand from the governor of Pennsylvania under secs. 976.03(3) and 976.03(7), Stats. While it is unclear whether the defendant was held in custody pursuant to the court warrant or the governor's warrant, this fact is not material to a resolution of this appeal.

tence on February 21, 1980. He contends that so long as he is on federal parole status he is not a "fugitive" from Pennsylvania and is not subject to extradition under the uniform act. We concur that the trial court's holding that the defendant's contention is without merit.

As the Wisconsin Supreme Court noted in *State v. Ritter,* 74 Wis.2d 227, 230, 246 N.W.2d 552, 554 (1976), the interstate extradition of criminal defendants is "primarily governed by federal law," since the duty of the states is set forth in sec. 2, art. IV of the United States Constitution:

A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

The Uniform Extradition Act, which has been adopted by several states including Wisconsin and Pennsylvania, is legislation designed to implement this constitutional provision. *Ritter,* 74 Wis.2d at 231, 246 N.W.2d at 554; *Commonwealth v. Hendrick,* 430 Pa. 575, 243 A.2d 438 (1968). Both federal and state courts have held that the question whether a person named in an extradition warrant is a fugitive from justice in another state is one of the factors to be determined in habeas corpus proceedings challenging the issuance of a warrant under the Uniform Extradition Act.[4] *Ritter,* 74 Wis.2d at 231, 246 N.W.2d at 555 (1976) ; *Michigan v. Doran,* 439 U.S. 282, 289 (1978).

---

[4] Although the term "fugitive from justice" does not appear in the statute, courts have interpreted the statutory language as implying that concept. *See, Commonwealth v. Haas,* 428 Pa. 167, 236 A.2d 810, 813 (1968); *United States v. Matus,* 218 F.2d 466, 468 (2d Cir. 1954).

The United States Supreme Court has defined a "fugitive from justice" as one who commits a crime in one state and departs therefrom and is found in another. *Appleyard v. Massachusetts,* 203 U.S. 222, 227 (1906). Whether a criminal defendant has left the jurisdiction of the demanding state voluntarily or involuntarily is irrelevant to a determination of his fugitive status. Sec. 976.-03(5)(b) Stats.; *State ex rel. Jackson v. Froelich,* 77 Wis.2d 299, 311, 253 N.W.2d 69, 75 (1977); *Commonwealth v. Haas,* 428 Pa. 167, 236 A.2d 810 (1968).

In *Hunter v. Martin,* 334 U.S. 302 (1948), the United States Supreme Court considered a claim similar to that raised by the defendant in this case. There a defendant paroled from a Mississippi state prison argued that a federal sentence which was to commence " 'at the expiration of' " the state sentence could not begin until the full term of the state sentence had expired. In rejecting the defendant's contention, the Supreme Court found that the clear purpose of the phrasing of the federal sentence was to avoid conflict between state and federal governments. It held:

For all practical purposes contemplated by the judgment, the State sentence has expired—at least insofar as it was an obstacle to service of the federal sentence.

To hold otherwise would mean that a man already finally adjudged guilty of a serious federal crime and sentenced to ten years imprisonment would be left at large and free of all restraint for an interlude between release from the state prison and commencement of the federal term. We do not think such a result is required or intended . . . under the terms of the sentence as imposed. 334 U.S. at 303–304.

Although the *Hunter* case did not deal with a construction of state or federal extradition statutes, or the definition of a "fugitive from justice," we find the court's logic compelling. It seems apparent that the imposition of the

Pennsylvania sentence after the "expiration" of the federal sentence was designed to avoid interference with actual federal imprisonment and not to afford the defendant an interlude of freedom in the event of parole. Further, we note that under the law of both Wisconsin and Pennsylvania, consecutive sentences in each state commence to run at the date of a mandatory release, pardon or parole of a convict's prior sentence. *State ex rel. Stenson v. Schmidt*, 22 Wis.2d 314, 317, 125 N.W.2d 634, 635 (1964) ; *State ex rel. Hake v. Burke*, 21 Wis.2d 405, 410, 124 N.W.2d 457, 459 (1963) ; *State ex rel. Gegenfurtner v. Burke*, 7 Wis.2d 668, 671–73, 97 N.W.2d 517, 519–20 (1959) ; *Commonwealth v. Burke*, 165 Pa. Super. Ct. 583, 69 A.2d 169, 171 (1949). *See also* 24B C.J.S. *Criminal Law*, sec. 1996(7), at 682–83 (1962).

Accordingly, we hold that a convict who is released on parole prior to the expiration of a sentence is subject to extradition by a demanding state having an unsatisfied criminal sentence against him, and that he is a "fugitive from justice" within the contemplation of the Uniform Extradition Act. The trial court properly denied the defendant's petition for a writ of habeas corpus and ordered him to be turned over to Pennsylvania authorities.

*By the Court.*—Order affirmed.