JAMES DUVALL, Corporation Counsel Buffalo County
You state that the closest hospital to the Buffalo County Jail is in Wabasha, Minnesota. The closest hospital to southern Buffalo County is in Winona, Minnesota. You ask whether a Wisconsin law enforcement officer may take a prisoner to Minnesota for emergency medical treatment, whether the officer may detain the prisoner when he is in Minnesota and whether the officer may bring the prisoner back into Wisconsin.
In my opinion, a law enforcement officer may take a prisoner out of Wisconsin for emergency medical treatment. However, upon leaving Wisconsin, a law enforcement officer of the receiving state must take custody of the prisoner. In addition, the prisoner may only be returned to Wisconsin using the Uniform Criminal Extradition Act. As is apparent from the discussion that follows, these required procedures present serious practical problems.
A sheriff and his or her deputies have county wide jurisdiction. Secs. 59.23 and 59.24, Stats.; 50 Op. Att'y Gen. 47, 48 (1961). Unless specifically authorized by statute, however, they have no authority outside of their jurisdiction. 1910 Op. Att'y Gen. 373 (1909); McLean v. State of Mississippi, 96 F.2d 741,744-45 (5th Cir. 1938), cert. denied, 305 U.S. 623 (1938). For example, Wisconsin statutes authorize sheriffs to transport criminals through other counties. Sec. 59.25, Stats. Under *Page 42 
section 976.04, Stats., the Uniform Act on Close Pursuit, any member of a duly organized state, county or municipal peace unit of another state who enters Wisconsin in close pursuit may arrest the person in this state. Therefore, if neighboring states were signatories to the Uniform Act on Close Pursuit, Wisconsin officers entering those states in close pursuit would have arrest powers. Absent such a law, however, Wisconsin's authority, and the authority of any Wisconsin officer, stops at the state line.
The sheriff must provide appropriate care or treatment for prisoners, and "may transfer the prisoner to a hospital . . . making provision for the security of the prisoner." Sec.302.38(1), Stats.; 77 Op. Att'y Gen. 249 (1988). In a medical emergency, the sheriff should transport the prisoner to a facility that is able to provide the necessary care or treatment in a timely manner. A failure to do so would subject the sheriff to potential liability.
If the sheriff decides to take the prisoner to a medical facility that is not in Wisconsin, the sheriff should proceed under the Uniform Criminal Extradition Act, section 976.03. That act is applicable to "any person charged . . . with treason, felony or other crime, who has fled from justice" and is found in another state. Sec. 976.03(2), Stats. The states bordering Wisconsin have adopted the Uniform Act. A person has fled from justice, if "having been in a state when a crime is alleged to have occurred within its borders, and being charged with the offense, is found outside the state." State ex rel. Krueger v.Michalski, 1 Wis.2d 644, 647, 85 N.W.2d 339 (1957). Our supreme court has adopted the general rule that the mode or manner of a person's departure from the state does not affect his status as a fugitive from justice, even if the departure is involuntary or under legal compulsion. State ex rel. Jackson v. Froelich,77 Wis.2d 299, 311, 253 N.W.2d 69 (1977); State ex rel. O'Connor v.Williams, 95 Wis.2d 378, 382, 290 N.W.2d 533 *Page 43 
(Ct.App. 1980). The test described by Justice Harlan over eighty years ago is still applicable:
 So that the simple inquiry must be whether the person whose surrender is demanded is in fact a fugitive from justice, not whether he consciously fled from justice in order to avoid prosecution for the crime with which he is charged by the demanding state. A person charged by indictment or by affidavit before a magistrate with the commission within a state of a crime covered by its laws, and who, after the date of the commission of such crime, leaves the state, — no matter for what purpose or with what motive, nor under what belief, — becomes, from the time of such leaving, and within the meaning of the Constitution and the laws of the United States, a fugitive from justice. . . .
Appleyard v. Massachusetts, 203 U.S. 222, 227 (1906). The fact that a person has left the state with the knowledge and consent of state officials does not preclude him from being subject to extradition. Chamberlain v. Celeste, 729 F.2d 1071 (6th Cir. 1984).
Under the Uniform Criminal Extradition Act the arrest of a person may be made by an officer or a private citizen without a warrant upon reasonable information that the accused stands charged in the courts of another state with a crime punishable by death or imprisonment for a term exceeding one year. Sec.976.03(14), Stats. Under section 976.03(13), a fugitive may be arrested before requisition, upon a warrant issued by a judge in the other state, even if the crime in Wisconsin is not a felony. Therefore, if the person being brought to Minnesota has been charged with or convicted of a felony, Wisconsin may maintain security over the prisoner through the agency of a Minnesota peace officer even before the extradition process is begun. If the prisoner has been charged with or convicted of a misdemeanor, he or she cannot be arrested without a warrant. Under section976.03(13), however, a judge in Minnesota may issue a warrant *Page 44 
directing a Minnesota peace officer to take custody of the prisoner. After an arrest under that subsection, the accused must be taken before a judge with all practicable speed. The judge may then commit the person to local custody in order to provide time for extradition. Sec. 976.03(15), Stats.
When a prisoner is brought to Minnesota for emergency medical treatment, you should proceed under the Uniform Criminal Extradition Act, informing the local officials of the prisoner's presence in their jurisdiction and, if appropriate, ask that they arrest him or her without a warrant. In any event, you are required to use the Uniform Criminal Extradition Act to obtain the prisoner's return to Wisconsin. That Act provides the authority for the Wisconsin officers to have custody of the prisoner on the return to Wisconsin, either by the governor's warrant or by execution of a valid waiver by the prisoner. Sec.976.03(8) and (27), Stats. This analysis is the same whether the person is convicted, convicted and sentenced or is being held for trial, because the Uniform Criminal Extradition Act applies to persons charged with treason, felonies or other crimes. Because misdemeanors are crimes, section 939.12, persons charged with misdemeanors are subject to extradition.
The Uniform Criminal Extradition Act does not apply to forfeitures because in Wisconsin, conduct punishable by forfeiture is not a crime. Sec. 939.12, Stats. Therefore, someone charged in Wisconsin with a forfeiture who happens to be found in Minnesota is not subject to extradition.
If the problems of obtaining medical treatment and maintaining custody are a recurring problem in your county or other border counties, it may be appropriate for Wisconsin and the other states to enter into compacts. These compacts could waive the extradition process for persons transported across state lines for emergency medical treatment and could also provide that the appropriate officers of each state could exercise their law enforcement powers over that prisoner for that specific purpose. The extradition process is a right conferred on the state *Page 45 
and the state may waive that right as to an identifiable group of citizens as long as the waiver is not arbitrary. State ex rel.Niederer v. Cady, 72 Wis.2d 311, 317-18, 240 N.W.2d 626 (1976). Both the Interstate Corrections Compact, section 302.25(5)(a), and the Uniform Act for Out-of-State Parolees Supervision, section 304.13(3), dispense with the formal extradition process. If the problems you describe in Buffalo County occur frequently or reflect similar problems in other border counties, representatives of those counties may wish to ask the Governor to consider entering into compacts with our neighboring states.
The Uniform Criminal Extradition Act allows the Wisconsin sheriff to maintain security on a prisoner in custody for a crime. The prisoner may be transported to Minnesota with the assistance of Minnesota law enforcement authorities and kept in custody. The sheriff has the authority to transport the prisoner back to Wisconsin upon his waiver of extradition or the completion of extradition proceedings. Of course, in the usual case it is probably preferable to take Wisconsin prisoners to Wisconsin hospitals. In emergency situations, however, the Uniform Criminal Extradition Act provides the means for maintaining Wisconsin's jurisdiction over the prisoner.
JED:AL *Page 46