**Phillip REDDIN, Plaintiff,**

v.

**Ramon L. GRAY, Defendant.**

**No. 75–C–616.**

United States District Court,
E. D. Wisconsin.

Sept. 28, 1976.

Charles Bennett Vetzner, Post-Conviction Defense Project, Madison, Wis., for plaintiff.

James H. Petersen, Asst. Atty. Gen., Madison, Wis., for defendant.

## MEMORANDUM DECISION AND ORDER

REYNOLDS, District Judge.

The plaintiff, Phillip Reddin, is an inmate at the Wisconsin State Prison, Waupun, Wisconsin. The defendant, Ramon L. Gray, is the warden of the aforesaid institution, named in his official capacity as the person responsible for implementing the policies of the Division of Correction of the Wisconsin Department of Health & Social Services. Plaintiff brings this action under 42 U.S.C. Sec. 1983, and his complaint stating a cause of action with respect to conditions of confinement is within the jurisdiction of this Court. *Cooper v. Lockhart,* 489 F.2d 308, 310 (8th Cir. 1973).

The facts of this case, as they appear from the record, bear brief statement. On July 8, 1972, the plaintiff was paroled from a sentence he was then serving in the Kentucky State Penitentiary, said parole to be served under Wisconsin State supervision. In December of 1974, the plaintiff was convicted of manslaughter in a Wisconsin State Court, and sentenced to an indeterminate term not to exceed nine years.

On January 30, 1975, by which time the plaintiff was in the custody of the defendant, the defendant received a parole violation warrant from the Kentucky Parole Board. In February of 1975, the defendant notified the Kentucky Parole Board that the warrant had been received and filed as a detainer, and entered upon the plaintiff's record. Copies of this notice were placed in the Social Services, Security & Records office files at the prison. Thereafter, in March and in July, law student interns from the Legal Assistance to Inmates Project of the University of Wisconsin Law School contacted the Kentucky Parole Board on plaintiff's behalf, at first seeking to have plaintiff's remaining Kentucky sentence run concurrently with his Wisconsin sentence. After the Kentucky Parole Board refused this request, they requested that the plaintiff be given a prompt parole revocation hearing, or in the alternative, that his parole be reinstated and the warrant recalled. After the Kentucky Parole Board responded by a letter stating that the detainer could not be withdrawn, plaintiff filed suit in this Court.

In his complaint, plaintiff alleges that the presence of the Kentucky detainer in his files at the Wisconsin prison has had and will have adverse effects upon the conditions of his confinement at the prison. Plaintiff asserts that by using the detainer to determine the conditions of his confinement, the defendant adversely affects the plaintiff without due process of law. Plaintiff seeks to enjoin the defendant from giving credit to the detainer and from determining plaintiff's institutional status, rights and privileges on the basis of said detainer. Plaintiff also seeks a declaration that the actions complained of are violative of his rights under the Fourteenth Amendment to the United States Constitution. After defendant answered the complaint, the plaintiff moved for a preliminary injunction or in the alternative, for summary judgment. For the reasons hereinafter stated, the court has concluded that plaintiff's motion for summary judgment must be granted.

The issue presented by this case is whether the punitive effects of a detainer, placed on the plaintiff by a Wisconsin official because of pending parole revocation in another state, may be continued when the latter state refuses to determine the question of revocation, apparently with the intent of deferring such determination until such time as the plaintiff is released from his present confinement. This court holds that the defendant denies the plaintiff due process by giving effect to a parole revocation detainer placed on him at the request of a sister state which refuses to promptly conduct a parole revocation hearing. Accordingly, the defendant shall promptly notify the appropriate Kentucky authorities of this decision. In the event that the Kentucky authorities do not request within 60 days of this decision's date that the plaintiff be made available for a timely parole revocation hearing, the defendant must discontinue the special conditions of confinement stemming from the parole revocation detainer.

■ In reaching this conclusion the Court is guided by the decision of *Cooper v. Lockhart,* 489 F.2d 308 (8th Cir. 1973). In that case, the Court of Appeals reached a similar conclusion on essentially identical facts. The rationale of that decision is that *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) requires the timely hearing and disposition by the parole state even though the parolee is in the custody of another state. The fact that the timeliness of the hearing is solely within the control of the State seeking the arrest and not the custodial State is irrelevant in a suit seeking to bar the custodial State from using the parole revocation detainer as a basis for determining conditions of confinement:

" * * * Realistically, due to its detainer, it is the custodial state which has placed the added punitive restrictions on the prisoner. * * * [I]t would be judicial sophistry not to find that the custodial state is acting in full concert with the state which refused to promptly process its pending review of parole revocation. * * * " *Cooper v. Lockhart, supra,* at 313.

The actions of the Kentucky Parole Board, *per se,* are not before this Court; moreover, this Court lacks jurisdiction over its person. But the Court does have jurisdiction over the defendant Wisconsin official, and it has the authority to determine whether his actions are consistent with due process.

■ In his answer, the defendant asserts that Sec. 57.13(3), *Wis.Stats.,* requires that he give full faith and consideration to the parole violation warrant issued under the authority of the Commonwealth of Kentucky. As a result, defendant argues, the determination of plaintiff's institutional status based upon the parole revocation detainer is sanctioned by State law. An examination of the statute in question, however, reveals that it is inapposite to the facts of this case. The statute provides:

" * * * [T]he duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are expressly waived on the part of states party hereto, as to such persons. *The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state;* provided, however, that if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense." (emphasis added)

By its terms, the statute is limited to the situation where Kentucky officials enter Wisconsin for purposes of taking the parolee into custody and transporting him to Kentucky for appropriate revocation pro-

ceedings. It does not require Wisconsin to log another State's intention to revoke upon its own records or files, nor does it require Wisconsin to impose punitive consequences upon inmates who may have their parole revoked by another State.

In his brief in opposition to plaintiff's motion for a preliminary injunction or for summary judgment in the alternative, defendant asserts that material facts are in dispute; the defendant follows up this assertion with argument going only to the question of whether the plaintiff is entitled to summary judgment as a matter of law. Some facts are in dispute in this case, but they are not material. The parties disagree as to the exact reach and scope of the adverse consequences which result from the presence of a parole revocation detainer in plaintiff's file, but there is no actual dispute that such consequences exist. It is sufficient for this court to rule that whatever the consequences are, due process requires that absent a prompt hearing by Kentucky officials on the matter of revocation, such consequences are unlawful.

The court is not persuaded by defendant's argument to the effect that the plaintiff's conviction on State charges establishes that a violation of plaintiff's parole has in fact occurred, and that due process has thus been met:

" * * * [S]uch an argument ignores the fact that revocation * * * do[es] not always follow, even where the parole violation was the commission of another crime. * * * Thus, while it is true that the fact of the prisoner-parolee's guilt cannot be relitigated, the revocation hearing may provide an opportunity for him to present certain circumstances in mitigation of the revocation of his parole." *Cleveland v. Ciccone,* 517 F.2d 1082, 1087 (8th Cir. 1975.)

Furthermore, this "mitigating" function of the revocation hearing survives even though, in the event of revocation, Kentucky law would apparently preclude the plaintiff from serving his remaining Kentucky sentence concurrently with his Wisconsin sentence.

The rationale of *Cooper v. Lockhart,* supra, has been followed by the Court of Appeals for this Circuit in a slightly different context. In *United States ex rel. Hahn v. Revis,* 520 F.2d 632 (7th Cir. 1975), the Court held that a federal parolee serving a state sentence is entitled to a prompt parole revocation hearing after issuance of a parole violation warrant filed as a detainer. In light of the delay in that case, the court held that the parole violation warrant had to be quashed and ordered the parolee's release rather than requiring that a revocation hearing be held. Defendant argues that certain aspects of that case make it distinguishable from the case at bar, and that Seventh and Eighth Circuit decisions holding *Cooper* and *Hahn* to be of prospective effect only militate against the relief which plaintiff seeks in this case. See *Johnson v. Holley,* 528 F.2d 116 (7th Cir. 1975); *Cleveland v. Ciccone,* 517 F.2d 1082 (8th Cir. 1975). These cases differ from the case at bar in that they involve federal parole revocation warrants in a federal or federal-state, as opposed to state-state context, and in that the plaintiffs in each case sought either discharge from the parole violation charge or quashing of the outstanding revocation warrants. With respect to the quashing of warrants, such relief was denied on the basis that absent a showing of demonstrable prejudice severe enough to render the revocation hearing inadequate as a remedy, the warrants would not be quashed or other relief granted having the effect of precluding the revocation of plaintiff's parole.

In contrast to a situation involving federal paroles, there are no officials responsible for the instant Kentucky parole warrant within the jurisdiction of this court. The court therefore is without authority to quash the Kentucky warrant, or indeed, to consider the adequacy of a Kentucky revocation hearing, should one eventually be held. Nor is it necessary for this court to consider whether Wisconsin is barred from giving the limited effect to the detainer that would be involved were Wisconsin to notify Kentucky at the expiration of plain-

tiff's sentence and take steps to facilitate the transfer of plaintiff to the custody of Kentucky officials. For purposes of this decision, it is sufficient for the court to hold that due process is violated by the defendant when he determines the conditions of plaintiff's confinement based upon the existence of the Kentucky parole violation warrant in the absence of a timely hearing of the underlying question of revocation.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment is granted. Plaintiff's counsel shall draft an appropriate order for judgment, present such order for defendant's counsel for his approval, and thereafter submit the order to this Court for its signature.