Phillip REDDIN, Plaintiff,

v.

Ramon L. GRAY, Defendant.

Civ. A. No. 75–C–616.

United States District Court,
E. D. Wisconsin.

March 7, 1977.

Charles Bennett Vetzner, Post-Conviction Defense Project, Madison, Wis., for plaintiff.

James H. Peterson, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, in which plaintiff sought and obtained summary judgment against the defendant warden of the Wisconsin State Prison at Waupun. In a decision and order filed September 28, 1976, this Court held that due process was violated by the defendant state warden when he determined the conditions of plaintiff's confinement based upon the existence of a Kentucky parole violation warrant in the absence of a timely hearing of the underlying question of revocation. See *Reddin v. Gray,* 418 F.Supp. 1144 (E.D.Wis.1976). Judgment was entered on November 4, 1976, directing the defendant to promptly notify the appropriate Kentucky authorities of the decision in this action and enjoining the defendant from continuing the special conditions of confinement stemming from the Kentucky detainer unless Kentucky authorities requested that plaintiff be made available for a timely parole revocation hearing by December 27, 1976. On November 15, 1976, the United States Supreme Court rendered

a decision in *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236, in which the Court determined that a federal parolee imprisoned for a federal crime committed while on parole is not constitutionally entitled to a prompt revocation hearing. On November 24, 1976, the defendant herein moved for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure, in light of *Moody v. Daggett,* supra, and it is this motion which is presently before the Court. The Court has carefully studied *Moody v. Daggett,* and has concluded that defendant's motion must be denied.

Initially, the Court must address the question of whether a motion pursuant to Rule 60(b), Federal Rules of Civil Procedure, is appropriate under the circumstances of this case. A chronology of the events would be helpful at this juncture and is provided as follows:

Sept. 28, 1976—Plaintiff's motion for summary judgment granted.

Nov. 4, 1976—Judgment entered for plaintiff.

Nov. 15, 1976—United States Supreme Court decision in *Moody v. Daggett.*

Nov. 24, 1976—Defendant filed Rule 60(b) motion for relief from Nov. 4, 1976, judgment based on *Moody,* supra.

Dec. 1, 1976—Defendant filed notice of appeal; defendant requested and obtained a 90-day extension for transmitting record to Court of Appeals; defendant requested and obtained a suspension of the injunction pending appeal.

Jan. 21, 1977—Oral argument on defendant's Rule 60(b) motion.

March 1, 1977—Clerk of Court forwarded record to U. S. Court of Appeals for the Seventh Circuit.

Plaintiff contends that the motion is inappropriate under the law of this circuit and relies on *Swam v. United States,* 327 F.2d 431 (7th Cir. 1964), for the proposition that Rule 60 should not be used as an alternative method to obtain review by appeal. In *Swam,* the plaintiff moved for relief from judgment after the time for appeal had lapsed and on the basis that the district

court was mistaken as a matter of law in dismissing the original complaint. The instant case is distinguishable since it involves a potential change in the result of this case occasioned by a decision rendered by the U. S. Supreme Court within the time permitted for appeal of this matter. The Court is persuaded that in these particular circumstances the motion is proper, and the Court is aided by Judge Friendly's discussion of the use of Rule 60(b) in *Schildhaus v. Moe,* 335 F.2d 529, 531 (2d Cir. 1964):

" * * * Eleven days after the entry of a defendant's judgment in that case, [*Tarkington v. United States Lines Co.,* 222 F.2d 358 (2d Cir. 1955)] correct under the law laid down by this Court, the Supreme Court rendered a decision which showed the judgment to be erroneous; the plaintiff moved under Rule 60(b) ten days thereafter, within the 30-day period allowed for appeal. Under such circumstances there is indeed good sense in permitting the trial court to correct its own error and, if it refuses, in allowing a timely appeal from the refusal; no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings, when the trial court is equally able to correct its decision in the light of new authority on application made within the time permitted for appeal [citation omitted]. * * * "

Furthermore, it has been held that a district court retains jurisdiction to consider a Rule 60(b) motion even where, as here, the movant has filed a notice of appeal shortly after filing the Rule 60(b) motion. *Sears, Sucsy & Co. v. Insurance Company of North America,* 392 F.Supp. 398, 406 (N.D.Ill. 1974).

The added circumstance of the instant case is that although the defendant was granted an extension of time to submit the record to the appellate court, the time for transmittal of the record has now expired and the clerk of court for this district has forwarded the record. The court of appeals has indicated that it will take a common sense approach to such matters. See *Wash-*

ington v. Board of Education, School District 89, County of Cook, State of Illinois, 498 F.2d 11, 16 (7th Cir. 1974). There, the Court in its supervisory capacity cited with approval a treatise which states that during the pendency of an appeal, the district court may consider the Rule 60(b) motion which is based on a probable change in controlling authority, and that if the district court is inclined to grant the motion, application can be made to the appellate court for remand. Although this Court denies defendant's Rule 60(b) motion, it is in keeping with the spirit of Washington, supra, and general principles of judicial economy that this Court entertain defendant's motion and notify the appellate court of the disposition of the motion.

I will now consider the question of the effect, if any, of the recent Supreme Court decision—Moody v. Daggett, supra—upon this Court's prior decision and order, keeping in mind that Moody involved a federal parole revocation warrant in a purely federal context, whereas this matter involves a parole revocation warrant lodged by one state with another. In Moody, the federal parolee was convicted of new federal crimes, after which the federal parole board lodged, but did not execute, a parole violator warrant with the federal prison officials. The instant case involves a Kentucky parolee convicted of crimes under Wisconsin law, after which conviction Kentucky authorities lodged, but did not execute, a parole violator warrant with Wisconsin prison officials.

Plaintiff has conceded that Moody would be determinative in this case and would require reversal of this Court's prior decision if Moody stands for the proposition that in no case would due process require a prompt hearing when a parole revocation detainer warrant is lodged against a prison inmate. This Court would, however, agree with plaintiff that by its own terms, the Moody decision intends no such far-reaching effect. Indeed, Chief Justice Burger, writing on behalf of the majority, framed the issue for review as "whether a federal parolee imprisoned for a crime committed while on parole is constitutionally entitled to a prompt revocation hearing." (Emphasis added.) 429 U.S. at 79, 97 S.Ct. at 274. After reviewing the impact of federal statutes and regulations relevant to federal parolees, the Moody majority concluded that no violation of petitioner's due process rights would occur by delaying the revocation hearing until his present term expired. The Chief Justice specifically declined to consider "[w]hether different issues would be presented by the prospect of adverse action by different and autonomous parole authorities." 429 U.S. at 88, 97 S.Ct. at 279. This Court agrees with plaintiff herein that the involvement of "different and autonomous" parole authorities in the instant case mandates a result different from that reached in Moody.

In Moody, the Court's analysis involved a discussion of several factors relevant to a determination of whether or not the parolee would suffer a grievous loss by the delay in holding a parole revocation hearing. These factors are the same as those discussed in United States ex rel. Hahn v. Revis, 520 F.2d 632 (7th Cir. 1975), and Cooper v. Lockhart, 489 F.2d 308 (8th Cir. 1973), cases primarily relied upon by this Court in its earlier decision. Those factors can be identified as lost mitigation evidence, lost opportunity for concurrent sentences, and denial of rehabilitative programs at the institution of current confinement.

With regard to the first factor, preservation of mitigation evidence, the Moody majority stated that under the applicable federal statutes and regulations governing federal parole, the petitioner Moody had a right to an immediate hearing for purposes of preserving evidence but that the petitioner had not availed himself of such an opportunity. Nothing in the Moody decision suggests that this Court erred in concluding that lack or denial of an opportunity to preserve mitigation evidence would constitute a grievous loss to a parolee. Moody merely states that on the facts before it and in a federal statutory scheme that provides for an evidence-preservation hearing, a parolee cannot claim grievous

loss based on lack of opportunity to preserve mitigation evidence. It is the view of this Court that Kentucky's failure to provide an evidence-preservation hearing in itself constitutes a "grievous loss" sufficient to establish a constitutional basis for a prompt hearing on the question of plaintiff's parole revocation.

Nor does the *Moody* decision undermine the significance of a parolee's lost opportunity for serving a concurrent sentence. The Court merely found the problem to be illusory as to the petitioner Moody because—

" * * * If revocation is chosen, the [Federal Parole] Commission has power to grant, retroactively, the equivalent of concurrent sentences and to provide for unconditional or conditional release upon completion of the subsequent sentence. See 18 U.S.C. §§ 4211, 4214(d); 28 C.F.R. §§ 2.21, 2.52(c)(2). Thus, deferral of the revocation decision does not deprive petitioner of any such opportunity * * *." 429 U.S. 87, 97 S.Ct. 279.

In contrast, in the event of revocation Kentucky law would apparently preclude the plaintiff herein from serving his remaining Kentucky sentence concurrently with his Wisconsin sentence. As plaintiff here faces a certainty of future loss of liberty in the event the Kentucky authorities determine his parole should be revoked, it is all the more compelling that plaintiff obtain a prompt hearing on the matter of revocation.

As to the loss of rehabilitation programs, the *Moody* majority notes that under its prior analysis in *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (decided June 25, 1976), not every change in the conditions of confinement activates a due process right. 429 U.S. at 88, n. 9, 97 S.Ct. 274. However, this Court notes that the Seventh Circuit has concluded that even though a loss of opportunity to participate in certain intra-institutional programs may be insufficient to trigger a due process mechanism under *Meachum,* loss of opportunities for conditional liberty, for example furlough and parole, may constitute a grievous loss. See *Holmes v. United States Board of Parole,* 541 F.2d 1243, 1252 (7th Cir. 1976). The plaintiff here has asserted that he faces loss of such opportunities due to the Kentucky detainer.

Without deciding whether or not such conditions of confinement are sufficient in themselves to constitute a "grievous loss," this Court concludes that the other factors present—loss of opportunity to preserve mitigation evidence and loss of opportunity to serve a concurrent sentence—form a sufficient basis for this Court's prior decision.* Nor does *Moody v. Daggett* dictate a contrary result. Accordingly, the defendant's motion for relief from judgment will be denied.

IT IS THEREFORE ORDERED that defendant's motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure, be and it hereby is denied.

---

* The Court notes here that it does not feel constrained to limit the scope of its remedy to only such "opportunities for conditional liberty" as would state a claim under *Meachum.* Because this Court finds plaintiff constitutionally entitled to a prompt revocation hearing, this Court believes it to be a proper exercise of its equitable powers to enjoin the defendant herein from continuing *any* special conditions upon the plaintiff's confinement, to the extent those conditions stem from Kentucky's failure to conduct a prompt parole revocation hearing.