STATE EX REL. BEOUGHER, Petitioner, v. LOTTER, Superintendent, Milwaukee County House of Correction, and another, Respondents.

Court of Appeals

*No. 78–385. Submitted on briefs May 23, 1979.— Decided May 31, 1979.*
(Also reported in 283 N.W.2d 588.)

322

For the petitioner the cause was submitted on the brief of *Richard L. Cates,* state public defender, and *Mel S. Johnson,* assistant state public defender.

For the respondents the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

Before Decker, C.J., Cannon, P.J., and Moser, J.

PER CURIAM. The question before us in this habeas corpus case is whether Gerald Beougher's parole was lawfully tolled for the period during which he absconded from supervision.

On March 2, 1973, Beougher, the petitioner, was convicted of armed robbery, and was sentenced to four years and ten months in prison. On May 18, 1976, he was released on parole, with a final discharge date of January 2, 1978. On October 15, 1976, the Department of Health and Social Services issued a parole violation warrant alleging that Beougher had absconded from parole supervision. In early January, 1978, he was apprehended on the warrant. On January 23, 1978, Beougher, his parole agent, and a witness signed a document entitled "Request for Reinstatement". The document stated that by signing, Beougher admitted that he had absconded from supervision, that he requested that he be reinstated on parole, and that he understood that upon his reinstatement on parole, his parole term would be tolled for the period of time he had absconded. The Regional Chief of the department then entered an order ordering the parole violation warrant vacated and ordering the defendant reinstated on parole, with a new final discharge date of June 27, 1979. These documents have not been included in the record on appeal, but the parties have described them in their briefs. The parties agree that no hearing was conducted before a court or hearing examiner prior to the reinstatement and tolling order.

The record does not reflect the precise sequence of events following the reinstatement and tolling order, but does disclose that on the date the petition for habeas corpus was filed, Beougher was being held at the Milwaukee County House of Correction on a parole hold based on an alleged violation of parole which occurred subsequent to the reinstatement.

In the petition and in argument to the circuit court for a writ of habeas corpus, Beougher, by counsel, contended that the department had no jurisdiction to hold him for an alleged violation of parole because his term of parole expired on January 2, 1978, because it had not been legally tolled because he absconded. Beougher contended that former sec. 57.072, Stats. (1975) [1], re-

---

[1] Sec. 57.072, Wis. Stats. (1975), provides:

The period of probation or parole ceases running upon the offender's absconding or committing a crime or some other violation of the terms of probation or parole which is sufficient in the opinion of the court or the department to warrant revocation of probation or parole. It remains tolled until the happening of one of the following events: Receipt of the offender at the penal institution to which sentenced or from which paroled; in cases supervised by the department, reinstatement of the offender's parole or probation by order of the department; in cases of misdemeanants, reinstatement of probation by order of the court. The date of the order of reinstatement is the date on which the period of probation or parole again begins to run.

This statute was repealed and created by Ch. 353, sec. 5, 1977 Wisconsin Laws, so that it now states:

(1) The period of probation or parole ceases running upon the date the offender absconds, commits a crime or otherwise violates the terms of his or her probation or parole which is sufficient, as determined by the department, to warrant revocation of probation or parole. If the probationer or parolee is reinstated rather than revoked, the period between the alleged violation and the reinstatement shall be treated as service of the probationary or parole period, unless the reinstatement order concludes that the probationer or parolee did in fact violate the terms of his or her probation or parole, in which case the reinstatement order shall

quired a finding by the court or department, prior to tolling of his parole during the absconding period, that his absconding was sufficient to warrant revocation. Beougher advised the court that he was aware of no such finding by the department. Beougher argued to the circuit court that former sec. 57.072 required that there be "some official opinion issued in some form" as to the sufficiency of the violation to warrant revocation as a prerequisite to reinstatement and tolling. Beougher stated he "could not think of any particular procedure" which was necessary. Beougher suggested that a return to court for a brief appearance, or a finding by a hearing examiner, or an order from the department's Secretary or one of his immediate assistants might suffice. He did not argue that a hearing as described in *Morrissey v. Brewer,* 408 U.S. 471 (1972), was required prior to the tolling of the parole period.

In response to the parolee's contention, the department contended that pursuant to the wording of former sec. 52.072, Beougher's parole automatically ceased running upon his absconding, so that the department was not required to make a finding that absconding was "sufficient to warrant revocation." The department also produced the order signed by the Regional Chief, and argued that if such a finding were required, the order sufficed because it contained an implicit finding or

credit days spent in a jail, correctional institution or other detention facility as service of the probationary or parole period.

(2) The sentence of a revoked parolee resumes running on the day a final revocation order is entered by the department, subject to sentence credit for the period of custody in a jail, correctional institution or any other detention facility pending revocation according to the terms of s. 973.155.

(3) The sentence of a revoked probationer shall be credited with the period of custody in a jail, correctional institution or any other detention facility pending revocation and commencement of sentence according to the terms of s. 973.155.

determination that the absconding was sufficient to warrant revocation of parole.

The circuit court held that a finding by the department was required by statute, but that the Regional Chief's order implicitly contained such a determination and finding.

On appeal, the parolee has renewed his argument that his parole was not legally tolled pursuant to former sec. 57.072, Stats. He claims that neither the court nor the department made a determination or finding that his absconding was sufficient to warrant revocation. Beougher additionally argues, for the first time on appeal, that a *Morrissey*-type hearing was required prior to any such finding or determination. In making this argument, Beougher relies on *Locklear v. State*, 87 Wis.2d 392, 274 N.W.2d 898 (Ct. App. 1978), which was filed on December 20, 1978. The court's opinion in *Locklear* was filed subsequent to the circuit court's decision in the instant case, but prior to the briefing of this appeal.

■

We will first address the argument made to the circuit court. Our court has recently held that prior to tolling under former sec. 52.072, a finding was required that a parolee's absconding was sufficient to warrant revocation. *Locklear,* 87 Wis.2d 392, 400. We will not here reconsider this issue, but will follow our holding in *Locklear.* The question then is whether such a finding was made in this case.

■

The circuit court held that such a finding was implicit in the order reinstating Beougher on parole with the provision that his discharge date was extended. The order not having been included in the record on appeal, we would have difficulty concluding that the trial court's holding that such a finding was implicit in the order was in error. On the basis of the record before us, however,

it is apparent to us that the determination that a violation sufficient to warrant revocation was made by the department, because the department reinstated parole with an extended expiration date. Had the department concluded that the violation was not sufficient to warrant revocation, the department would have been required to issue an order discharging Beougher from parole because his parole would have expired on January 2, 1978. Beougher's admission that he absconded from parole for the majority of his parole period was an admission that the principle and purpose of parole was annulled during that period, and the department's order, as described by the parties, constituted such a finding.

The next question is whether the tolling was ineffective because it was not predicated upon a *Morrissey*-type hearing, but rather on the parolee's admission of the violation. This issue must be considered in light of the due process and fundamental fairness requirements discussed in *Locklear* and therein held applicable to tolling pursuant to former sec. 52.072.

Under the facts of the instant case, which are greatly distinguishable from the facts in *Locklear,* the procedures utilized by the department satisfied due process and fundamental fairness requirements although a *Morrissey*-type hearing was not held before a hearing examiner.

The stated concern of the court in *Locklear* was that without the benefit of a final revocation hearing, a parolee could be punished for something he did not do, simply on the basis of the department's allegation that he did. *Locklear,* 87 Wis.2d 392, 402. Locklear's parole had been reinstated and parole period tolled following a *unilateral decision* by the department to seek an extension of Locklear's probation from the court, pursuant to sec. 973.09(3), Stats., for absconding, without any opportunity for Locklear to present his *possible defense* on

the merits to the allegation that he had absconded or to provide the factual basis for a possible defense of laches. *Unlike Beougher,* Locklear had denied the violation. In addition, the violation report was first filed by the department after Locklear's probationary period had expired and 15 months after he had allegedly absconded.

In the instant case, there was no dispute as to the fact of violation, and Beougher would have received no benefit or protection from a *Morrissey*-type hearing. The purpose of a *Morrissey*-type hearing is to assure that the finding of a violation will be based on verified facts and that the department's exercise of discretion with regard to disposition will be informed by an accurate knowledge of the parolee's behavior. *Morrissey v. Brewer,* 408 U.S. 471, 496, (1972).

In the instant case, *the fact of violation of parole was conceded* by the parolee in a written statement, which has never been challenged. There was accordingly no contest of fact before the department as to whether Beougher had violated parole by absconding. A hearing was therefore not required on the issue of whether a violation had occurred. See *Morrissey v. Brewer,* 408 U.S. 471, 499; *Moody v. Daggett,* 429 U.S. 78, 89 (1976) ; *Hortonville Dist. v. Hortonville Ed. Asso.,* 426 U.S. 482, 489 (1976) ; *United States ex rel. Sims v. Sielaff,* 563 F.2d 821, 824 (7th Cir. 1977) citing *Morrissey, supra; Bryant v. Grinner,* 563 F.2d 871, 872 (7th Cir. 1977).

The fact of violation having been admitted, the only remaining determination to be made by the department was whether Beougher's parole was to be revoked, or reinstated wtih time tolled. The department in its discretion chose, without a hearing on these alternatives, to reinstate Beougher rather than revoke his parole.

Beougher suffered no detriment from this decision nor was he aggrieved by it in any respect. A hearing would have served no purpose. Because the department exercised its discretion in the manner most favorable to Beougher by reinstating his parole, and because the time which elapsed between the violation and order of reinstatement was tolled pursuant to former sec. 52.072, Stats., which did not grant the department any discretion as to whether such time was to be tolled upon reinstatement, the department did not deny Beougher due process nor fundamental fairness nor any statutory right in its disposition of this matter. See *Sanchez v. Schmidt,* 352 F. Supp. 628, 630 (W.D. Wis. 1973), and *State ex rel. Hauser v. Carballo,* 82 Wis.2d 51, 76 n. 28, 261 N.W.2d 133 (1978).

*By the Court.*—Order affirmed.