STATE of Wisconsin EX REL. Phillip REDDIN, Petitioner-Appellant,

V.

Theodore MEEKMA, Dodge County Sheriff, Respondent.†

Court of Appeals

*No. 80–316. Submitted on briefs June 5, 1980.—*
*Decided July 10, 1980.*
(Also reported in 298 N.W.2d 192.)

---

† Petition to review granted.

For the petitioner-appellant the cause was submitted on the briefs of *Douglas W. Plier* of Horicon.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. This is an appeal from an order denying a petition for a writ of habeas corpus. We affirm.

Appellant was convicted of robbery in Kentucky March 20, 1969, sentenced to imprisonment for eight years and released on parole. His parole supervision was transferred to Wisconsin in July 1972, pursuant to sec. 57.13, Stats., the Uniform Act for Out-of-State Parolee Supervision (occasionally referred to as the "compact").

Appellant was arraigned September 9, 1974 in Wood County Court on a charge of second-degree murder. Bail was set at $25,000 but he was not released from the county jail because a parole agent issued a hold order. September 11, 1974 the parole agent recommended revocation of parole. September 23, 1974 the Kentucky Parole Board issued its warrant and requested that appellant be held in custody for Kentucky pending disposition of the charges in Wisconsin. Appellant pled guilty to manslaughter December 17, 1974. He was sentenced to nine years in the Wisconsin State Prison. January 30, 1975, Kentucky filed a parole revocation warrant against appellant at the prison as a detainer.

Appellant was released from prison on mandatory parole November 27, 1979 and was immediately arrested on a Wisconsin warrant under sec. 976.03(13), Stats., the extradition statute. The basis for the arrest was the

outstanding Kentucky warrant. December 26, 1979, the Wisconsin warrant was dismissed by the circuit court because Wisconsin had not processed and presented to the court a governor's warrant within the thirty-day period set by the court November 27, 1979. Secs. 976.03 (15) and (17). January 21, 1980 appellant was again arrested under a Wisconsin extradition warrant authorized by the governor of this state and was released on a $1,000 personal recognizance bond.

Appellant subsequently petitioned for a writ of habeas corpus.[1] He introduced no evidence at the hearing on his petition. The circuit court found that the extradition warrant was valid and denied appellant's petition.

We deem the issues to be as follows:

1. Is habeas corpus available to appellant to challenge Kentucky's right to retake him where his parole has been transferred to Wisconsin pursuant to the compact, sec. 57.13, Stats?

2. May this state determine whether appellant has served his Kentucky sentence in full?

3. Has Kentucky rendered appellant's extradition unconstitutional by denying him due process in placing a parole hold and detainer on appellant prior to his conviction in Wisconsin and then failing to provide a parole revocation hearing in over five years after that hold?

1. *Habeas Corpus Available*

The state asserts that appellant's petition was properly denied because respondent has an independent right to retake appellant under the compact, without extradition. Reddin served his Kentucky parole in this state pursuant to the compact, sec. 57.13, Stats., subsec. (3) of which provides, in relevant part:

---

[1] For prior published decisions regarding appellant's Kentucky parole, *see Reddin v. Gray,* 418 F. Supp. 1144 (E.D. Wis. 1976), and *Reddin v. Gray,* 427 F. Supp. 386 (E.D. Wis. 1977), *rev'd Reddin v. Israel,* 561 F.2d 715 (7th Cir. 1977), *on remand Reddin v. Israel,* 455 F. Supp. 1215 (E.D. Wis. 1978).

That the duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are expressly waived on the part of states party hereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state; . . .

Kentucky, the sending state, may enter Wisconsin, the receiving state, under the compact and retake the parolee without process. *State ex rel. Niederer v. Cady,* 72 Wis.2d 311, 240 N.W.2d 626 (1976). Section 57.13(3), Stats., abrogates sec. 976.03, Stats., the Uniform Criminal Extradition Act, with respect to compact parolees. The official from the sending state need only establish his authority and the identity of the compact parolee to retake the parolee. 72 Wis.2d at 315, 240 N.W.2d at 629.

Kentucky had the right to retake appellant under the compact but nevertheless chose to extradite him. Kentucky is bound by its choice. If a state chooses to proceed under an extradition statute rather than the compact, it must meet the requirements for extradition. *Cf. State ex rel. Forte v. Ferris,* 79 Wis.2d 501, 511, 255 N.W.2d 594, 599 (1977) (state must comply with witness extradition statute once it chooses to so proceed).

Section 976.03(10), Stats., provides that a fugitive[2] in custody subject to extradition may apply for a writ of

---

[2] "Although the term 'fugitive from justice' does not appear in the statute, courts have interpreted the statutory language as implying that concept." *State ex rel. O'Connor v. Williams,* 95 Wis. 2d 378, 381 n. 4, 290 N.W.2d 533, 534 (Ct. App. 1980) (citations omitted).

habeas corpus to test the legality of his arrest. Appellant may therefore challenge the legality of his arrest by a petition for habeas corpus, regardless of Kentucky's unexercised right to retake appellant without extradition.

2. *Petitioner Is A "Fugitive" Subject To Extradition*

Once the governor of the asylum state has granted extradition, the court in a habeas corpus proceeding in the asylum state can only decide: (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive from justice. *Michigan v. Doran,* 439 U.S. 282, 289 (1978).

The burden in a habeas corpus proceeding is upon the petitioner to prove by a preponderance of the evidence that his detention is illegal. *State ex rel. Alvarez v. Lotter,* 91 Wis.2d 329, 334, 283 N.W.2d 408, 410 (Ct. App. 1979), citing *Walker v. Johnston,* 312 U.S. 275, 286 (1941).

A person who is released on parole prior to the expiration of a sentence in this state is subject to extradition by a demanding state having an unsatisfied sentence against him and is a fugitive from justice. *State ex rel. O'Connor v. Williams,* 95 Wis.2d 378, 383, 290 N.W.2d 533, 535 (Ct. App. 1980).

Appellant asserts that he is not a fugitive. As more than eight years have passed since he was sentenced in Kentucky and as his parole was not revoked within that period, he contends he has fully served that sentence.

The demand for extradition by the Governor of Kentucky made December 12, 1979 asserts that appellant is

a fugitive from Kentucky. An affidavit by the chairman of the Kentucky Parole Board attached to the demand states that the period of appellant's parole "has not expired, and that the terms thereof are still in force and effect; [and] that . . . [appellant] has violated the terms and conditions of parole . . . ."

It is apparent that Kentucky takes the position that appellant's eight-year sentence imposed in March 1969 was tolled prior to his release on mandatory parole in November 1979.[3]

Appellant contends that a criminal sentence cannot constitutionally be tolled for a parole violation prior to a final determination that parole has been revoked. He relies upon *Locklear v. State*, 87 Wis.2d 392, 274 N.W.2d 898 (Ct. App. 1978). The court in *Locklear* did not decide the point for which it is cited. The issue in *Locklear* was whether under sec. 57.072, Stats. 1975, the Wisconsin tolling statute, an offender is denied credit for time spent while on probation or parole in the absence of a final determination that he committed an act sufficient to warrant revocation. *Locklear* reserved the question whether the tolling statute is constitutional if it permits the department to file the violation report after the probationary term has expired and to proceed to revoke. 87 Wis.2d at 406, 274 N.W.2d at 904. *State ex rel. Beougher v. Lotter*, 91 Wis.2d 321, 283 N.W.2d 588 (Ct. App. 1979), subsequently held that if the fact

---

[3] That position is consistent with Kentucky's actions in 1975. The court states in *Reddin v. Gray*, 418 F. Supp. at 1145, that in 1975 law students contacted the Kentucky Parole Board to have appellant's remaining Kentucky sentence run concurrently with his Wisconsin sentence. After the parole board refused that request, they asked that appellant be given a prompt parole revocation hearing or that his parole be reinstated and the warrant recalled. The Kentucky Parole Board responded that the detainer could not be withdrawn. Appellant then commenced the action reported in 418 F. Supp. 1144.

of a parole violation is uncontested, a hearing is not statutorily required on the issue in order to toll the running of the sentence on parole.

*Beougher* is based in part upon *Moody v. Daggett,* 429 U.S. 78 (1976), in which the parolee had been sentenced to ten years in 1962, paroled in 1966 and convicted of homicides in 1971. A detainer warrant was issued soon after the 1971 convictions but was not executed. The parolee sought dismissal of the warrant in 1975 on the ground that he had been denied a prompt hearing on his parole revocation. The court held that where the parolee admits or has been convicted of an offense plainly constituting a parole violation, the appropriate time for the revocation hearing is at the expiration of the intervening sentence and that a parolee is not deprived of constitutionally protected rights simply by issuance of a parole violation warrant. The court in *Moody* held that no constitutional duty exists to provide a final adversary hearing until the parolee is taken into custody by execution of the warrant. 429 U.S. at 89.

Whether appellant's Kentucky sentence was tolled is controlled by Kentucky law, not the law of this state. We will not attempt to resolve the issue. We leave the question to Kentucky because, as said in *State v. Ritter,* 74 Wis.2d 227, 235–36, 246 N.W.2d 552, 557 (1976) (footnote omitted) :

[I]t is presumed that an extradited person will be fairly treated in the demanding state; that there is a need for an efficient, speedy resolution of extradition; that comity requires that the extradited person test the laws of the demanding state in that state; and that it is burdensome and productive of error for the asylum state to examine critically the laws of a sister state with whose jurisprudence and procedure it has only a general acquaintance. *Biddinger v. Commissioner of Police* (1917), 245 U.S. 128, 38 Sup. Ct. 41, 62 L. Ed. 193; *Pierce v.*

*Creecy* (1908), 210 U.S. 387, 28 Sup. Ct. 714, 52 L. Ed. 1113.

3. *Challenges To Revocation Should Be Raised In Demanding State*

Appellant contends that Kentucky's revocation procedures have denied him due process because the holdover and the warrant lodged against him in September 1974 triggered his due process rights by starting the revocation process.

Extradition of appellant from this state and parole revocation proceedings against him in Kentucky are separate matters. One does not invalidate the other. *Cf. State ex rel. Hanson v. H&SS Dept.*, 64 Wis.2d 367, 374, 219 N.W.2d 267, 271–72 (1974) (probation may be revoked for reasons not asserted when extraditing probationers; extradition proceeding not subject to collateral attack in a probation revocation hearing). Comity requires that appellant test the lawfulness of his revocation proceedings in the demanding state. *State v. Ritter, supra.*

Accordingly, we will not inquire into the validity of appellant's parole revocation proceedings.

*By the Court.*—Order denying petition for a writ of habeas corpus affirmed.